FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

2012 DEC -6 A 9:28

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN MESSIER and KIMBERLEY MESSIER, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) C.A. No. _____ |
| ACE AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

CA 12 - 892

## NOTICE OF REMOVAL

Defendant ACE AMERICAN INSURANCE COMPANY (hereinafter referred to as "ACE"), by its attorneys ALGER PARKER, respectfully files this Notice of Removal pursuant to 29 U.S.C. Sec. 1441(a), and in support thereof states the following:

1. On or about November 12, 2012, plaintiffs BRYAN MESSIER and KIMBERLEY MESSIER commenced an action against ACE by filing a Summons and Complaint in the Superior Court of State of Rhode Island and Providence Plantations, Washington County, Civil Action No. WC-2012-0678 (the "State Court Action").

2. On or about November 20, 2012, ACE received a copy of the Summons and Complaint filed in the State Court Action via regular mail. A true and correct copy of plaintiffs' Summons and Complaint is attached hereto as Exhibit "A", and, upon information and belief, constitutes all process, pleadings, and orders filed in the State Court Action.

3. The Complaint asserts ACE issued Yachtsman Recreational Marine Insurance Policy, No. YKRY07698148, which was in force at the time of the alleged incident. The Complaint alleges that while operating their motor yacht—in the navigable waters of the United States—plaintiffs suffered a casualty which caused their vessel to suffer damage.

The Complaint further alleges that plaintiff's damages are covered under the ACE marine yacht insurance policy.

4. In particular, plaintiffs allege various causes of action. The first cause of action is asserted by plaintiffs against ACE and is described as "breach of contract," and alleges that ACE has not honored its obligations under its marine yacht insurance policy. The first cause of action specifically references ACE's alleged refusal to honor plaintiff's claim to repair and/or replace a certain engine allegedly damaged due to rust or corrosion.

5. The second cause of action is asserted by plaintiffs against ACE and is described as "breach of fiduciary duties," and describes further how ACE has not honored its duties in handling plaintiffs' claim under this marine yacht insurance policy.

6. The third cause of action is asserted by plaintiffs against ACE and is described as "Bad Faith Pursuant to R.I. Gen. Laws Sec. 9-1-33," and specifically alleges ACE, in failing to honor its duties and obligations under its marine yacht insurance policy, committed "bad faith" as that term is applied under Rhode Island state law.

7. The district courts of the United States have original jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331 and 1333 in that the matter in controversy—interpretation of a marine insurance policy—is governed by settled principles within admiralty and maritime jurisdiction. *See Northern Assur. Co. of America v. Keefe*, 845 F.Supp.2d 406, 412 (D.Mass. 2012); *Lloyd's of London v. Pagan-Sanchez*, 539 F.3d 19, 24, fn. 5 (1st Cir. 2008) and *Central Int'l. Co. v. Kemper National Ins. Co.*, 202 F.3d 372, 372 (1st Cir. 2000) ("Suits on maritime insurance policies are classic examples of matters within federal maritime jurisdiction.").

8. As reflected in the exhibit attached to plaintiffs' Complaint, there is a particular basis for admiralty and maritime jurisdiction in that the matter in controversy involves an interpretation and application of the ACE marine yacht insurance policy relating to the insured's obligation to properly maintain the seaworthiness of its vessel. The interpretation of the terms "wear and tear, gradual deterioration, weathering, neglect, lack of reasonable care or due diligence in the maintenance" and "corrosion" have particular relevance in the maritime context in how they relate to the seaworthiness of a vessel operating in the navigable waters of the United States. As such, since this dispute involves the interpretation of these marine policy provisions, this dispute necessarily triggers maritime commerce for the purposes of admiralty and maritime jurisdiction. *Id.; see also McAllister Brothers, Inc. v. Ocean Marine Indemnity Co.*, 742 F.Supp. 70 (S.D.N.Y. 1984) (dispute involving marine insurance was within the original admiralty jurisdiction of federal courts and could be removed from state court); *Monarch Industrial Corp. v. American Motorists Ins. Co.*, 276 F.Supp. 972 (S.D.N.Y. 1967) (suit against marine cargo insurer was properly removed to federal court); *Wunderlich v. Netherlands Ins. Co.*, 125 F.Supp. 877 (S.D.N.Y. 1954) (dispute over interpretation of marine insurance policies was within original jurisdiction of federal court and savings to suitors clause did not defeat removal).

9. Upon information and belief, there may be sufficient basis to also assert diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332.

10. Plaintiffs BRYAN MESSIER and KIMBERLEY MESSIER are individuals who reside in or around Essex, Rhode Island.

11. Defendant ACE AMERICAN INSURANCE COMPANY is a California corporation with a principal place of business located at 1601 Chestnut Street, Philadelphia, PA 19103.

12. Upon information and belief, all parties to this litigation are citizens of different states.

13. Plaintiffs' complaint does not specify a quantum for their costs and expenses caused by ACE's alleged breaches, but pursuant to 28 U.S.C. Sec. 1446(c)(2)(A)(i), plaintiffs appear to be seeking nonmonetary relief in their third cause of action under Rhode Island state law, or, in the alternative, pursuant to 28 U.S.C. Sec. 1446(c)(2)(A)(ii), plaintiffs appear to be seeking a money judgment, but State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. Upon information and belief, if plaintiffs are successful in establishing bad faith against ACE, which is denied, plaintiffs may be able to collect damages which exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

14. In explaining its basis for federal subject matter jurisdiction, ACE does not waive anything in the filing of this Notice of Removal and specifically reserves its right to assert any defense, limitation, exclusion, warranty, exception or argument as set forth in the subject policy of insurance pursuant to federal maritime common law and Rhode Island state law.

15. The District of Rhode Island embraces the place where the State Court Action is pending.

16. This Notice of Removal is being filed with this Court within thirty (30) days after ACE first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based.

17. Since the district courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331.

18. ACE, upon filing of this Notice of Removal, will, as required by 28 U.S.C. Sec. 1446(d), file a copy of the Notice of Removal with the Clerk of the Superior Court of State of Rhode Island and Providence Plantations, Washington County, and will serve a copy of same upon plaintiff.

WHEREFORE, defendant ACE AMERICAN INSURANCE COMPANY respectfully submits that this Notice of Removal complies with the statutory requirements and respectfully requests that the action now pending against it be removed from the Superior Court of State of Rhode Island and Providence Plantations, Washington County to this Honorable Court, that this action proceed in this Court as a properly removed action, and that defendant has such other and further relief as justice requires.

Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY

By its Attorneys

_____
Melody A. Alger, Esquire #4585
ALGER PARKER, LLP
95 Chestnut Street, Suite 401
Providence, RI 02903
Tel.: (401) 277-1090
Fax: (401) 277-1094
malger@algerparker.com

Dated: December 5, 2012

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true copy of the within document was served electronically through the court's CM/ECF system on all registered counsel on this 6th day of December, 2012 to the following counsel listed below:

TO:

Stephen J. Brouillard, Esq.
Bianchi & Brouillard, P.C.
128 Dorrance Street, Suite 550
Providence, RI 02903
Tel: (401) 223-2990

NEWYORK_DOWNTOWN\2505935\1 329958.000