UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN MESSIER and<br>KIMBERLEY MESSIER,<br><br>    Plaintiffs<br><br>v.<br><br>ACE AMERICAN INSURANCE<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  12-cv-0892-S-PAS<br>)<br>)<br>)<br>)<br>) |

## **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant ACE AMERICAN INSURANCE COMPANY (hereinafter referred to as "ACE"), by its attorneys ALGER PARKER, answers the Complaint, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Admits ACE American Insurance Company ("ACE") is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1601 Chestnut Street, Philadelphia, PA, and except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "2" of the Complaint.

3. Notes that paragraphs "3", "4" and "5" comprise legal conclusions reserved for adjudication by this Honorable Court, and for which no response is necessary from this Answering Defendant. To the extent a response is required, ACE denies each and every allegation contained in paragraphs "3", "4" and "5" on the basis that this matter has been removed to the U.S. District Court for the District of Rhode Island.

4. Admits that a 1999 motor yacht, 30' Bayliner, Model 3055 Cierra, Hull Identification Number BL2A05EKL899, named "Seas the Day," was insured under Policy No. YKR Y 07698148 and was in force from June 25, 2012 thru June 25, 2013, except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraphs "6", "7" and "8" of the Complaint.

5. Admits that said Policy of Insurance was issued to and by an insurance agent, Global Marine Insurance Agency, Inc. located in Traverse City, MI 49684, and except as specifically admitted, denies each and every remaining allegation contained in paragraph "9" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "10", "11", "13" and "14" of the Complaint.

7. Admits that George Stafford, a marine surveyor assigned by ACE, spoke with Mr. Bryan Messier on or about July 2, 2012 and advised him to not leave for vacation and attend to his vessel which was said to have suffered a grievous marine casualty, but Mr. Messier nevertheless insisted on traveling to Block Island, and except as specifically admitted, denies each and every remaining allegation contained in paragraph "15" of the Complaint.

8. Admits that George Stafford, a marine surveyor assigned by ACE, arranged to "pickle" the vessel's engines "pickled" and instructed plaintiffs to have the Vessel hauled out of the water in the interim to prevent further problems with the material condition of the Vessel and its engines, and except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "16" of the Complaint.

9. Admits that Mr. Stafford inspected the vessel, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "17" of the Complaint.

10. Admits that ACE sent a "reservations of rights" letter to plaintiffs on or about July 3, 2012, with a Vessel Owners or Masters Protest form to be filled out by plaintiffs, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraphs "17", "18" and "19" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "20", "21", "22", "23", "24", "25" and "26" of the Complaint.

12. Defendant repeats and reiterates its responses to paragraphs "1" thru "27" of the Complaint with the same force and effect as if fully set forth herein.

13. Admits ACE issued Yachtsman Recreational Marine Insurance Policy, No. YKRY07698148, which was in force at the time of the alleged incident, but except as specifically admitted, denies each and every remaining allegation contained in paragraphs "28", "29", "30", "31" and "32" of the Complaint.

14. Defendant repeats and reiterates its responses to paragraphs "1" thru "33" of the Complaint with the same force and effect as if fully set forth herein.

15. Denies each and every allegation contained in paragraphs "34", "35" and "36" of the Complaint.

16. Defendant repeats and reiterates its responses to paragraphs "1" thru "37" of the Complaint with the same force and effect as if fully set forth herein.

17. Denies each and every allegation contained in paragraphs "38" and "39" of the Complaint.

## FIRST DEFENSE

18. ACE will pay for Property Damage or Personal Property caused by an Occurrence, except as excluded in this policy or by endorsement.

## SECOND DEFENSE

19. Plaintiff has failed to state a cause of action upon which relief can be granted.

## THIRD DEFENSE

20. Plaintiff has not met its initial burden of establishing by a preponderance of the evidence that their claim arose from accidental, direct physical loss or damage to the Vessel.

## FOURTH DEFENSE

21. Plaintiff has not met all conditions precedents in order to provide coverage under the applicable policy of insurance.

## FIFTH DEFENSE

22. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

## SIXTH DEFENSE

23. Plaintiff cannot meet its prima facie case that its claim constituted a fortuitous or accidental loss sufficient to trigger the provisions of the Policy.

## SEVENTH DEFENSE

24. Plaintiff has failed to name necessary and indispensable parties to this action.

## EIGHTH DEFENSE

25. Assuming plaintiffs are able to meet their prima facie case, which is denied, ACE will be entitled to benefit of all defenses, exclusions and/or arguments against coverage as set forth in the applicable policy of insurance, including but not limited to:

      a)      wear and tear, gradual deterioration, weathering, neglect, lack of reasonable or due diligence in the maintenance of the Insured Vessel;

      b)      . . . .

      c)      marring, scratching or denting;

      d)      osmosis or blistering;

      e)      manufacturing defect(s) or manufacturer's defect(s) in design;

      f)      a Latent Defect; however, resulting damage caused by a Latent Defect is covered;

      g)      corrosion, except electrolytic (stray current) corrosion;

      h)      transportation onboard a cargo vessel or during loading or unloading, exception a passenger/car ferry used as a means of conveyance while the Insured Vessel is upon a trailer owned by you;

## **NINTH DEFENSE**

26. ACE's Policy will be voided from the beginning of the Policy Period if plaintiffs intentionally concealed or misrepresented any material fact or circumstance relating to the Policy, or the application for such insurance, whether before or after a loss.

## **ELEVENTH DEFENSE**

27. The claims asserted by Plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

## **TWELFTH DEFENSE**

28. Plaintiff failed to mitigate damages.

## **THIRTEETH DEFENSE**

29. Defendant ACE was not given an opportunity to inspect, assess or salvage the damages which are the subject of this action and are alleged to have been lost or damaged while in the care, custody or control of defendants.

## FOURTEENTH DEFENSE

30. ACE will not provide coverage for loss or damage caused by the dishonest, illegal or intentional acts of plaintiffs, or any person to whom the Vessel was entrusted, regardless of whether or not such person was convicted of such an act by a criminal court.

## FIFTEENTH DEFENSE

31. Spoliation of the evidence.

## SIXTEENTH DEFENSE

32. ACE is entitled to a setoff for salvage services, if any, performed for the benefit of plaintiff.

## SEVENTEENTH DEFENSE

33. Plaintiffs' and ACE's duties and responsibilities are governed by the terms and conditions of the Policy. All of the Policy's terms and conditions are hereby incorporated by reference and govern plaintiffs' claim which is the subject of this action.

## EIGHTEENTH DEFENSE

34. Implied and express warranties of seaworthiness.

## NINETEENTH DEFENSE

35. Any dispute arising from said policy of insurance is subject to arbitration in accordance with the terms and conditions of said clause or endorsement. Any lawsuit or action relating to said policy must be dismissed in favor of binding arbitration.

## TWENTIETH DEFENSE

36. ACE is entitled to the benefit of each and every defense, argument, exclusion, warranty, guarantee or representation set forth in the Policy, and accordingly ACE reserves its right to amend or add additional affirmative defenses through the course of this litigation as new facts and documents emerge.

WHEREFORE, defendant ACE AMERICAN INSURANCE COMPANY respectfully requests that this Court dismiss the Complaint filed in this action, together with costs and disbursements, including reasonable attorneys fees and expenses, and enter judgment, together with an award of attorneys fees, costs and any other further relief that justice requires.

Attorneys for Defendant
ACE AMERICAN INSURANCE COMPANY

By its Attorneys

_____/s/ Melody A. Alger_____
Melody A. Alger, Esquire #4585
ALGER PARKER, LLP
95 Chestnut Street, Suite 401
Providence, RI 02903
Tel.: (401) 277-1090
Fax: (401) 277-1094
malger@algerparker.com

Dated: December 17, 2012

TO:

Stephen J. Brouillard, Esq.
Bianchi & Brouillard, P.C.
128 Dorrance Street, Suite 550
Providence, RI  02903
Tel:  (401) 223-2990

NEWYORK_DOWNTOWN\2526127\1 329958.000