UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Bryan Messier, et al.

    v.                              Civil No. 12-cv-892-JD

Ace American Insurance Company

O R D E R

Bryan and Kimberley Messier brought suit in Rhode Island Superior Court against Ace American Insurance Company ("Ace") alleging claims for breach of contract, breach of fiduciary duties, and bad faith refusal to pay a claim under an insurance policy under Rhode Island General Laws ("R.I. Gen. Laws") § 9-1-33. Ace removed the case to this court and the Messiers move to remand the case to Rhode Island state court. Ace objects to the motion. Ace also moves to strike the Messiers' reply to its objection.

Background

Bryan and Kimberley Messier owned a 1999 Bayliner 3055 Ciera, a boat used for recreational use ("Bayliner"). At all times relevant to this action, the Bayliner was covered by an insurance policy issued by Ace ("Policy").

In July 2012, the Bayliner sustained damage to its engines. The Messiers made a claim under the Policy which Ace denied.

After Ace denied the claim, the Messiers brought this action in Rhode Island state court, alleging three state law claims.  Ace removed the case to this court, asserting federal question and diversity jurisdiction.  See 28 U.S.C. § 1441.

In support of federal question jurisdiction, Ace asserted that "since this dispute involves the interpretation of . . . marine policy provisions, this dispute necessarily triggers maritime commerce for the purposes of admiralty and maritime jurisdiction."  Not. of Rem., doc. no. 1, ¶ 8.  In support of diversity jurisdiction, Ace asserted that "if plaintiffs are successful in establishing bad faith against Ace, which is denied, plaintiffs may be able to collect damages which exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.  Id. at ¶ 13.

## Discussion

The Messiers move to remand the case to Rhode Island state court, arguing that the court lacks subject matter jurisdiction because neither federal question jurisdiction nor diversity jurisdiction exists.  Ace objects to the motion, contending that both federal question and diversity jurisdiction exist.  Ace bears the burden of establishing subject matter jurisdiction. See Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 48 (1st

Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case.").

In response to Ace's objection to their motion to remand, the Messiers filed a reply. In the reply, the Messiers attached evidence of the parties' settlement discussions to support their contention that the minimum jurisdictional amount of $75,000 was not met. Ace moves to strike the Messiers' reply, arguing that their citation to settlement discussions ran afoul of Federal Rule of Evidence 408.

Ace's argument is misplaced. "Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdictional purposes" has not been met. Carroll v. Stryker Corp., 658 F.3d 675, 682 n.2 (7th Cir. 2011); see also Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.3 (9th Cir. 2002) ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."). Therefore, Ace's motion to strike the Messiers' reply is denied.

A.  Federal Question Jurisdiction

The Messiers concede that federal courts have original jurisdiction over admiralty and maritime claims.  See 28 U.S.C. § 1333.  They argue, however, that because they pleaded only state law claims, they are entitled to bring an action in state court under the "saving to suitors" clause in § 1333.  They further contend that an action asserting only state law claims cannot be removed to federal court solely on the basis of admiralty or maritime jurisdiction.

The federal admiralty and maritime jurisdiction statute "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled."  § 1333(1).  Unless a state law "frustrates a fundamental tenet of admiralty law," Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, 1279 (1st Cir. 1993), the "savings to suitors clause" preserves state court jurisdiction over admiralty and maritime claims brought under state statutory or common law, Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001).  In other words, a plaintiff asserting state law claims is free to sue in state court rather than federal court, even if he could (but did not) seek a remedy under admiralty or maritime law.  See Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999) (citing Caterpillar Inc. v. Williams, 482 U.S.

4

386, 392 (1987)); see also Rafter v. Stevenson, 680 F. Supp. 2d 275, 278 (D. Me. 2010).

Once a plaintiff asserts state law claims in state court, a defendant may remove a case to federal court based on federal question jurisdiction only if the plaintiff pleaded a cause of action based on federal law, a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also § 1441; Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). "The Supreme Court has noted that the 'historic option of a maritime suitor pursuing common-law remedies to select his forum,' which is the object of the savings clause, 'would be taken away by an expanded view of § 1331, since savings-clause actions would then be freely removable under § 1441.'" Okl. ex rel. Edmondson v. Magnolia Marine Trans. Co., 359 F.3d 1237, 1241 (10th Cir. 2004) (quoting Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959)). In other words, "[a]dmiralty and maritime cases fall within a federal court's original jurisdiction, see 28 U.S.C. § 1333(1), but they do not 'aris[e] under' the Constitution, laws or treaties of the United States for purposes of 28 U.S.C. § 1331 or removal under 28 U.S.C. § 1441(b)." Rafter, 680 F. Supp. 2d at 278 n.3. Thus, "[c]ourts have consistently interpreted the 'saving clause' to preclude removal of maritime actions brought in state court and invoking a

state law remedy, provided there is no independent federal basis for removal." In re Chimenti, 79 F.3d 534, 537 (6th Cir. 1996); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 390 (3d Cir. 2002); Servis v. Hiller Sys., Inc., 54 F.3d 203, 206-07 (4th Cir. 1995).

The Messiers brought three state law claims in state court. In its notice of removal and its objection to the motion to remand, Ace asserts that federal question jurisdiction is present based on admiralty and maritime jurisdiction, as the case involves the interpretation of an insurance policy for a boat. As discussed above, however, even if admiralty or maritime jurisdiction exists in this case, that is not a sufficient basis for removal. Ace does not assert any other basis for removal based on federal question jurisdiction. Therefore, the court does not have subject matter jurisdiction based on a federal question under § 1441(a).

B. <u>Diversity Jurisdiction</u>

Ace also contends that the case was properly removed based on diversity jurisdiction. The Messiers argue that the amount in controversy does not exceed $75,000, the minimum amount in controversy necessary for diversity jurisdiction. Ace concedes that if the Messiers were successful, their compensatory damages

would be less than $75,000.[1]  Ace contends, however, that under R.I. Gen. Laws § 9-1-33, the Messiers could be entitled to punitive damages.[2]  Ace further argues that because of its strong financial condition, any award of punitive damages is likely to be in excess of $50,000 and would bring the total amount in controversy to above the $75,000 threshold.

"When Defendant invokes diversity jurisdiction but the complaint is silent regarding the sum sought as damages, Defendant is permitted to assert the amount in controversy in its notice of removal."  Robson v. Capitol Pizza Huts, Inc., 2012 WL 2861017, at *3 (D. Me. July 11, 2012).  The court, however, must find "by [a] preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B); see also Providence Piers, LLC v. SMM New England, Inc., 2013 WL 178183, at *3 (D.R.I. Jan. 16, 2013).

---

[1] The Messiers did not allege an amount of damages in their complaint.

[2] R.I. Gen. Laws § 9-1-33 provides in relevant part: "[A]n insured under any insurance policy . . . may bring an action against the insurer issuing the policy when it is alleged the insurer wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy . . . .  In any action brought pursuant to this section, an insured may also make claim for compensatory damages, punitive damages, and reasonable attorney fees."

"Where the punitive . . . damages claim makes up the bulk of the asserted amount in controversy, a heightened degree of scrutiny and healthy skepticism is appropriate." Jimenez v. Verdecchia, 2000 WL 1752803, at *2 (D.N.H. Nov. 22, 2000). "[A]ny doubts in the evidence should be construed in favor of remand." Mut. Real Estate Holdings, LLC v. Houston Cas. Co., 2010 WL 3608043, at *3 (D.N.H. Sept. 13, 2010); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts.").

In making the preponderance of the evidence determination, a court "need look to the notice of removal and any other materials submitted by the" parties. Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004). Thus, despite the early stage in the proceedings, the court can consider "summary-judgment-type" evidence in determining whether the amount in controversy exceeds $75,000. Id. (internal citation omitted).

Although the Messiers represent in their motion to remand that they have "incurred damages totaling between $42,000 and $45,000," Ace represents in its objection that the Messiers "seek the recovery of compensatory damages in the total amount of $28,687.95." Ace attaches a letter from the Messiers' counsel to

8

support that assertion.  In their reply, the Messiers attached correspondence between the parties' counsel discussing the Messiers' claim for "$20,000 to $25,000" in damages and a discussion of settlement for approximately $15,000.

Without any evidentiary support for its assertion that punitive damages were likely to be greater than $50,000 or otherwise push the amount in controversy above the $75,000 threshold, Ace has not carried its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 979 (7th Cir. 2000); Burk v. Med. Sav. Ins. Co., 348 F. Supp. 2d 1063, 1070 (D. Ariz. 2004) ("Defendant has established only that Plaintiffs seek punitive damages and that such damages are available as a matter of law.  This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000."), abrogated on other grounds by Dukes v. Twin City Fire Ins. Co., 2010 WL 94109 (D. Ariz. Jan. 6, 2010).  This is especially true here given the small claim for compensatory damages, as the Rhode Island Supreme court has reduced punitive damages awards when they greatly exceed the award of compensatory damages.  See, e.g., Minutelli v. Boranian, 668 A.2d 317, 319 (R.I. 1995) (reducing punitive damages of $50,000 to $10,000 because $50,000

was excessive in light of compensatory damages amounting to only $20,000).

Accordingly, the court lacks subject matter jurisdiction and the case will be remanded to the Washington County Superior Court. See 28 U.S.C. § 1447(c).[3]

Conclusion

For the foregoing reasons, the plaintiffs' motion to remand (document no. 14) is granted. The defendant's motion to strike (document no. 18) is denied.

The case is remanded to Washington County Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

September 25, 2013

cc: Melody A. Alger, Esquire
    Stephen J. Brouillard, Esquire
    David Y. Loh, Esquire
    Theresa L. Sousa, Esquire

---

[3] The Messiers argue in their reply that they should be awarded attorney fees incurred in moving to remand. Although the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447, "[t]his court ordinarily does not consider arguments raised for the first time in a reply memorandum and sees no reason to do so here," Contour Design, Inc. v. Chance Mold Steel Co., Ltd., 2011 WL 1564612, at *6 (D.N.H. Apr. 25, 2011) (internal citation omitted).